[Cite as *State v. Blackford*, **2023-Ohio-3440.**]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2022 CA 00110 |
| | : | |
| CHRISTIAN BLACKFORD | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Canton Municipal
                                      Court, Case No. 2022 CRB 02665


JUDGMENT:                             Affirmed


DATE OF JUDGMENT ENTRY:               September 25, 2023


APPEARANCES:


For Plaintiff-Appellee:                    For Defendant-Appellant:


JASON REESE                                GEORGE URBAN
KATIE M. ERCHICK GILBERT                   116 Cleveland Ave, NW
KATE M. LUKOSAVICH                         Suite 808
CANTON CITY LAW DIRECTOR                   Canton, OH  44702
218 Cleveland Ave. SW
Canton, OH  44702

*Delaney, J.*

{¶1} Appellant, Christian Blackford, appeals the August 4, 2022 order of the Canton Municipal Court finding him guilty of one count of public indecency, a fourth degree misdemeanor.

**FACTS**

{¶2} Appellant attended an appointment at Stark County TASC, a community services agency. He met with the victim, M.G., who was an intern in training at the TASC program. At the conclusion of the meeting, M.G. handed Appellant her business card. M.G. testified Appellant caressed her hand when she gave him the business card. She testified the caressing of her hand made her feel uncomfortable. When she pulled her hand away, Appellant lifted his shorts up and exposed his scrotum.

{¶3} Appellant also testified. He denied exposing himself. He testified he has a long-standing medical condition which requires him to wear a jock strap thereby making it impossible to expose himself. Appellant testified M.G. was lying but could not identify why she would lie about Appellant's actions. Appellant testified M.G. seemed "disturbed" after handing Appellant her business card. Another TASC employee, Dwayne Green, also testified. He stated M.G. came to him and asked him to escort Appellant out of her office because Appellant had exposed himself to her. Green described M.G.'s demeanor as "panicked" when she was seeking his help.

{¶4} Following closing arguments, the jury deliberated and returned a verdict of guilty. Appellant was sentenced to 30 days in jail.

## ASSIGNMENT OF ERROR

{¶5}   Appellant raises one Assignment of Error:

I.      APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST

        WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

## ANALYSIS

{¶6} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶7}   An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶8} Appellant was convicted of public indecency in violation of R.C. 2907.09 which provides in relevant part:

(A) No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others

who are in the person's physical proximity and who are not members of the person's household:

    (1) Expose the person's private parts;

R.C. 2907.09(A)(1).

{¶9} Appellant argues the State did not prove he exposed his private parts recklessly. He maintains, if he did adjust himself, his medical condition caused him to adjust his private parts without realizing he was exposing himself. This contention is contrary to Appellant's testimony wherein he testified his clothing coupled with the jock strap would have prevented any of his private parts from being exposed accidentally.

{¶10} He also argues M.G. would have noticed his medical condition, birth mark, and scar had he exposed himself.  M.G. testified she saw his thigh and his scrotum.  The jury chose to believe M.G.'s testimony and reject Appellant's testimony. We cannot say the jury clearly lost its way in rejecting Appellant's version of events. The jury was in the best position to observe the witnesses and determine their credibility. We find, the conviction was not against the manifest weight of the evidence.

{¶11} Based upon the testimony presented, we have viewed the evidence in a light most favorable to the prosecution and find it is clear a rational trier of fact could have found all of the elements of the offense were proven beyond a reasonable doubt. The conviction was supported by sufficient evidence.

{¶12} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶13} Based upon the foregoing, the judgment of the Canton Municipal Court is affirmed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.